■ FIRST NATIONAL BANK OF GLEN HEAD, Appellant, v. WILLET H. EVANS, Respondent.— Order of the Supreme Court, Nassau County, dated October 26, 1967, affirmed, solely on the ground that there are triable issues of fact, with $10 costs and disbursements. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ EVELYN G. FRIEDBERG, Respondent, v. SAUL FRIEDBERG, Appellant.— In an action for separation, defendant appeals from a judgment of the Supreme Court, Nassau County, in favor of plaintiff, entered July 22, 1966. Judgment modified, on the law and the facts, by reducing the award of weekly alimony from $125 to $100. As so modified, judgment affirmed, without costs. In our opinion, the award of alimony was excessive to the extent indicated herein. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.

■ WELLINGTON L. HARRIS et al., Respondents, v. ALEXANDER'S RENT A CAR et al., Appellants.— Appeal by defendants from an order of the Supreme Court, Kings County, dated April 8, 1968, which granted plaintiffs' motion (1) to remove the action from the Civil Court of the City of New York to the Supreme Court, Kings County, (2) to increase the *ad damnum* clause in the complaint as to plaintiff Sandy from $10,000 to $150,000 and (3) to amend plaintiffs' bill of particulars as to said plaintiff. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied, without prejudice to plaintiff Sandy's right to move in the Civil Court for leave to serve a further bill of particulars. In our opinion, the claims by plaintiff Sandy of more extensive physical injuries and increased monetary damages than were presented in the action in the Civil Court were not competently substantiated in the instant moving papers. Accordingly, said plaintiff failed to show prima facie that the monetary jurisdiction of the Civil Court is inadequate for full compensation for his injuries. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.